JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

FILED
2017 Sep-20 PM 12:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Patrick Tate, Administrator of the Estate of Eloy Gallegos Corona, Deceased

**(b)** County of Residence of First Listed Plaintiff: **DeKalb**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Keith T. Belt, Jr.   BELT & BRUNER, P.C.
880 Montclair Rd., Suite 300
Birmingham, AL 35213   (205) 933-1500 (see attached)

## DEFENDANTS
Wing Enterprises, Inc., d/b/a Little Giant Ladders, a corporation; Wing Product Development, L.C., a corporation; et al.

County of Residence of First Listed Defendant: **Utah County, State of Utah**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
James A. Potts, II   STOCKHAM, COOPER & POTTS, P.C.
505 North 20th Street, Suite 1111
Birmingham, AL 35203   (205) 776-9000   (see attached)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 28 U.S.C., Section 1441(b), 1446(b), 1332(a)
Brief description of cause:
Claims for personal injury including hospital & medical expense; for wrongful death-based on AELMD, negligence

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 597,637.10
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: David A. Kimberley
DOCKET NUMBER: 31-CV-2017-900252

DATE: 9/19/17
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

## ATTACHMENT – (c) Attorneys

<u>PLAINTIFFS</u>

Robert P. Bruner
S. Drew Barnett
W. Alan Duke, Jr.
Belt & Bruner, P.C.
880 Montclair Road, Suite 300
Birmingham, AL 35213
Telephone: (205) 933-1500

James Shelnutt
Shelnutt Law Firm, P.C.
601 South 5th Street
Gadsden, AL 35901
Telephone: (256) 547-4988


<u>DEFENDANTS</u>

Connie Ray Stockham
John K. Pocus
Stockham, Cooper & Potts, P.C.
505 20th Street North, Suite 1111
Birmingham, AL 35203
Telephone: (205) 776-9000

F. Michael Haney
Inzer Haney McWhorter & Haney, LLC
P.O. Box 287
Gadsden, AL 35902
Telephone: (256) 546-1656

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| PATRICK TATE, Administrator of the Estate of ELOY GALLEGOS CORONA | ) ) ) ) |
| PLAINTIFF, | ) ) ) |
| v. | ) CIVIL ACTION NO.: ) |
| WING ENTERPRISES, INC., d/b/a LITTLE GIANT LADDER SYSTEMS, a corporation, WING PRODUCT DEVELOPMENT, L.C., a corporation, | ) ) ) ) ) ) ) |
| DEFENDANTS. | ) |

## NOTICE OF REMOVAL

COME NOW Wing Enterprises, Inc., d/b/a Little Giant Ladder Systems and Wing Product Development, L.C. and give notice with full reservation of all defenses, that this cause is hereby removed from the Circuit Court of Etowah County, Alabama to the United States District Court for the Northern District of Alabama, Middle Division.  As grounds for Defendants' Notice of Removal, Defendants show the following:

1. This lawsuit is a civil action within the meaning of the Acts of Congress related to the removal of cases.  See 28 U.S.C. §§ 1441(b), 1446(b).  This action is

a product liability action arising out of an alleged fall by Plaintiff's decedent, Eloy Gallegos Corona, from a ladder.

2.      On March 28, 2017, Oscar Gallegos Corona, as the brother and next friend of Eloy Gallegos Corona, filed this civil action, number CV-2017-900252 in the Circuit Court of Etowah County, Alabama.  The Complaint alleged, *inter alia*, claims and damages for personal injury and for doctor, hospital, drug and other medical expenses for Eloy Gallegos Corona.  At the time, Eloy Gallegos Corona was still alive.  Eloy Gallegos Corona passed away on April 3, 2017.  A First Amendment to the Complaint was filed on July 5, 2017, amending the Plaintiff to Patrick Tate as administrator of the Estate of Eloy Gallegos Corona and adding Wrongful Death as a cause of action.  A true and correct copy of the Summons, Complaint and First Amendment to the Complaint are attached hereto as Exhibit "I."  Copies of all other process, pleadings and orders filed in this case are attached as Exhibit "II." Both Exhibit I and II are incorporated herein.

3.      Neither the Complaint nor the Amended Complaint provided a determinable amount of damages.  On August 23, 2017, however, one of the attorneys for Defendants, F. Michael Haney, received a Notice of Hospital Lien from one of the Plaintiff's decedent's medical providers stating an amount over the

$75,000 threshold for diversity jurisdiction.[1] The Affidavit of F. Michael Haney, incorporating the Notice of Lien he received from University of Alabama Hospital on August 23, 2017 as Exhibit "A" and a clearer copy of the Notice of the Lien subsequently obtained as Exhibit "B" is attached hereto and the Affidavit and Exhibits A and B are incorporated in this Removal Petition.

4. As more fully set out below, this case is properly and timely removed to this Court under 28 U.S.C. § 1441 because this Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) as complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## I. REMOVAL IS TIMELY

5. The time period for the removal of cases under the Federal removal statute is 30 days from the date when the action becomes removable.

6. The United States Code provides timing of notices of removal:

> . . .if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

28 U.S. C. 1446(b)(3)

---

[1] F. Michael Haney was the only representative or attorney for the Defendants to which this Notice of Lien was sent.

7. The time period for removal of this case began when counsel for Defendants received the Notice of Hospital Lien in the U.S. Mail from the University of Alabama Hospital for $597,637.10 on August 23, 2017. (See, Exhibit III with Exhibits A and B).

8. Before August 23, 2017, Plaintiff had never alleged an amount over $75,000 in any pleading or discovery and therefore the case was not initially removable. The Complaint provided no information from which a specified amount amount of damages could be ascertained; the Complaint lacked any specific ad damnum.

9. On July 5, 2017, when Plaintiff amended his Complaint to allege Wrongful Death, the Amendment also failed to specify an ascertainable amount of damages. There was no specified ad damnum and no other information to determine monetary amounts. Again, this pleading did not provide evidence to satisfy the requisite amount in controversy to establish the threshold for federal court jurisdiction as required on removal. *See Collins v. Marten Transport, Ltd.*, 2014 WL 972245 (N.D. Ala. March 12, 2014).

10. It was not until August 23, 2017 on the receipt of the Notice of Hospital Lien from University of Alabama Hospital that Defendants were in receipt of a paper from which an ascertainable damage amount in this case could be determined which

4

would make the case removable. (Exhibit III).  The received Notice of Hospital Lien states the University of Alabama Hospital is claiming $597,637.10 for the treatment of Eloy Corona for a "Date of Injury: 3/24/2017." On the Plaintiff's Complaint the date of the alleged accident and injuries for which Plaintiff claims damages is March 24, 2017.  (See, Exhibit I - Complaint, Paragraph 4). Moreover, on the face of the Plaintiff's Complaint, Plaintiff specifically lists as damages suffered by Eloy Corona "large sums of money in the nature of doctor, hospital, drug and other medical expense in and about an effort to heal and cure his injuries."  (See, Exhibit I - Complaint, Count I, Paragraph 10 (c)). The Notice of Hospital Lien specifying the amount of the hospital expense qualifies as an "otherwise" received "other paper" which allowed these Defendants to first ascertain that the amount in controversy exceeds $75,000 and to provide the Court with the unambiguous evidence necessary to establish federal jurisdiction as required by statute and case law. *Collins, supra.*

11.     Under Alabama law, *Plaintiffs and Defendants* are responsible for honoring and not impairing hospital liens.  *Board of Trustees of University of Alabama ex rel. University of Alabama Hosp. v. American Resources Ins. Co., Inc.*, 5 So. 3d 521, 532 (Ala. 2008).  The lien attaches to personal injury claims when the damages of a lawsuit encompass both wrongful death and personal injury damages. *Id.* at 532.

12. Defendants received the Notice of Lien in the above-referenced case on August 23, 2017. At that point, it could be ascertained by this received "paper" that the amount in controversy was met for diversity jurisdiction under 28 U.S.C. § 1332(a); and moreover, that a Notice of Removal could be filed that unambiguously established federal court jurisdiction.

13. Furthermore, 28 U.S.C. 1446 states that defendants must remove the action within a year of the filing of the matter. The Complaint was filed on March 28, 2017 and this Notice of Removal is being filed within a year of that date.

14. For these reasons, this Notice of Removal is timely filed.

## II. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PLAINTIFF AND NAMED DEFENDANTS.

15. There is complete diversity of citizenship between the Plaintiff and the Defendants.

16. As stated in the Amended Complaint, Plaintiff Patrick L. Tate is a resident of Alabama. (See, Exhibit I – First Amendment to Complaint, Count IV, Paragraph 17).

17. Further, Plaintiff alleges that Defendant Wing Enterprises, Inc. d/b/a Little Giant Ladder Systems is a Utah Corporation, with its principal place of business in Utah. (See, Exhibit I – Complaint, Paragraph 2). Defendants state that Wing Enterprises, Inc. d/b/a Little Giant Ladder System is a Domestic Utah For

6

Profit Corporation and its principal place of business in Utah. (See, Exhibit IV, Certificate of Existence, Utah Department of Corporations; also see Exhibit II – Wing Enterprises, Inc. Interrogatory #7 Answer).

18. Plaintiff alleges that Wing Product Development, L.C. is incorporated in the State of Utah, with its principal place of business in Utah. (See, Exhibit I – Complaint, Paragraph 3). Defendant Wing Product Development, L.C. has been dissolved, however, when it was in business its only member was H. Arthur Wing and he was a Utah resident. (See, Exhibit II.A. - Affidavit of H. Arthur Wing attached to Motion to Dismiss Product Development, L.C.)  A Limited Liability Company's citizenship for diversity jurisdiction purposes is determined by the citizenship of its members. *Porter v. Crumpton & Associates, LLC*, 862 F.Supp.2d 1303, 1308 (M.D. Ala. 2012).  Defendant Wing Product Development, L.C. is a citizen of Utah for diversity jurisdiction purposes.

19. Therefore, based on Plaintiff's Alabama citizenship and Defendants' Utah citizenship, complete diversity of citizenship exists between the parties for purposes of 28 U.S.C. § 1332(a)

## III.   THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED.

20. The amount-in-controversy requirement for diversity jurisdiction has been met through the receipt of the "other paper" **--** the Notice of Hospital Lien, by

counsel representing Defendants Wing Enterprises, Inc. d/b/a Little Giant Ladder Systems and Wing Product Development, L.C. in this lawsuit on August 23, 2017. (Exhibit III).

21. As stated in the Notice of Hospital Lien, Eloy Corona has outstanding hospital expenses in the amount of $597,637.10. As stated on this Notice, these charges are for "Date of Injury: 3/24/2017." In his Complaint, Plaintiff unequivocally recites the date of accident and injury as March 24, 2017 and makes claims for hospital expenses. (See, Exhibit I – Complaint, Paragraph 4 and Count I, Paragraph 10 (c)). Under Alabama law, plaintiffs can pursue personal injury damages and wrongful death damages if the claim for personal injury was filed before death. See, Ala. Code § 6-5-462. The Plaintiff in this case did file before his death and in doing so claimed hospital and medical expenses. The Notice of Lien received on August 23, 2017 provides a specific amount for the hospital expenses related to his accident and injuries. The Plaintiffs and Defendants must honor and not impair this lien. This lien is clearly in excess of the $75,000 threshold amount. This evidence provides unambiguous proof that the Defendants have satisfied the amount-in-controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a) and for jurisdiction on removal in this case.

**IV. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.**

22. A written Notice of Filing of Notice of Removal, together with a copy of this Notice, will be filed with the Clerk of Court of the Circuit Court for Etowah County, Alabama, and will be served upon the Plaintiff, as required by 28 U.S.C. § 1446(d).

23. The sole named Defendants Wing Enterprises, Inc. d/b/a Little Giant Ladder Systems and Wing Product Development, L.C. have filed this Notice of Removal.

24. No previous application has been made for relief requested herein, and this Notice of Removal has been served on all named parties to the removed case.

25. If any question arises as to the propriety of the removal of this action, Defendants Wing Enterprises, Inc. d/b/a Little Giant Ladder Systems and Wing Product Development, L.C. respectfully request the opportunity to present a brief and oral argument in support of its position that this case is removable.

**V.   CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, Defendants Wing Enterprises, Inc., d/b/a Little Giant Ladder Systems and Wing Product Development, L.C., desiring to remove this case to the United States District Court for the Northern District of Alabama, Middle Division, being the District and the Division of said Court for the County in which said action is pending, pray that the filing of this

Notice of Removal with this Court and the filing of the Notice of Filing of Notice of Removal with the clerk of the Circuit Court of Etowah County, Alabama shall effect the removal of said suit to this Court.

/s/ James A. Potts, II
James A. Potts (ASB-5610-J62P)
Connie Ray Stockham (ASB-6238-K69C)
John K. Pocus (ASB-2048-H28C)
Attorneys for Wing Enterprises, Inc.,
d/b/a Little Giant Ladder Systems and
Wing Product Development, L.C.

OF COUNSEL:
**STOCKHAM, COOPER & POTTS, P.C.**
505 North Twentieth Street
Suite 1111
Birmingham, Alabama 35203
Telephone:  (205) 776-9000
Email:       jpotts@scplaw.net
             cstockham@scplaw.net
             jpocus@scplaw.net

OF COUNSEL:
F Michael Haney
**INZER, HANEY, MCWHORTER & HANEY, LLC**
P.O. Box 287
Gadsden, AL 35902-0287
Telephone:  (256) 546-1656

## CERTIFICATE OF SERVICE

    I do hereby certify that I have on this the 19th day of September, 2017, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the counsel of record for all parties to this proceeding and have also served all parties by electronic mail.

Keith T. Belt, Jr.
Robert P. Bruner
S. Drew Barnett
W. Alan Duke, Jr.
Belt & Bruner, P.C.
880 Montclair Road, Suite 300
Birmingham, AL 35213
Telephone:  (205) 933-1500
keithb@beltlawfirm.com
robertb@beltlawfirm.com
drewb@beltlawfirm.com
aland@beltlawfirm.com

James Shelnutt
Shelnutt Law Firm, P.C.
601 South 5th Street
Gadsden, AL 35901
Telephone:  (256) 547-4988
gadsdenlawyer@bellsouth.net

                                             /s/ James A. Potts, II
                                             OF COUNSEL

# EXHIBIT III

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| PATRICK TATE, Administrator of the Estate of ELOY GALLEGOS CORONA | )<br>)<br>)<br>) |
| PLAINTIFF, | )<br>)<br>) |
| v. | ) CIVIL ACTION NO.:<br>) |
| WING ENTERPRISES, INC., d/b/a LITTLE GIANT LADDER SYSTEMS, a corporation, WING PRODUCT DEVELOPMENT, L.C., a corporation, | )<br>)<br>)<br>)<br>)<br>) |
| DEFENDANTS. | )<br>) |

## AFFIDAVIT OF F. MICHAEL HANEY

Before me, the undersigned authority, personally appeared, F. Michael Haney, to me known, and first being duly sworn on oath, deposed and said as follows:

1. My name is F. Michael Haney. I am over the age of nineteen (19) and competent to make this affidavit. I have personal knowledge of the facts hereinafter stated.

2. I am one of the attorneys representing Defendants Wing Enterprises, Inc. d/b/a Little Giant Ladder Systems and Wing Product Development, L.C. in the above styled case removed from the Circuit Court of Etowah County, Alabama.

3. I received a Notice of Hospital Lien from the University of Alabama Hospital for Eloy Corona via U.S. Mail on August 23, 2017.

4. The Notice of Hospital Lien received on August 23, 2017, is attached and incorporated into this Affidavit as Exhibit "A."

5. Subsequent to the date of receipt on August 23, 2017 of the lien from the University of Alabama, I have also obtained a duplicate copy of the lien, which is attached and incorporated into this Affidavit as Exhibit "B."

Further affiant sayeth not.

_____
F. Michael Haney

STATE OF ALABAMA    )
COUNTY OF ETOWAH    )

On this the 19th day of September 2017, before me personally appeared F. Michael Haney to me known to be the person who executed the foregoing Affidavit and acknowledged before me that he executed the same voluntarily.

_____
Beth Morgan
NOTARY PUBLIC

My commission expires 1/3/21

County Division Code AL040
Inst # 2017034407 Pages 1 of 1
I certify this instrument filed on
4/6/2017 2 26 PM Doc PPHL
Alen L King, Judge of Probate
Jefferson County, AL Rec $16 00

Clerk NICOLE

## NOTICE OF HOSPITAL LIEN
## UNIVERSITY OF ALABAMA HOSPITAL
POB 308, 619 19th ST S, Birmingham, AL 35249-6510
1-888-309-8435 or 205-934-6400

### THIS IS NOT A BILL

**STATE OF ALABAMA**
**JEFFERSON COUNTY-BIRMINGHAM**

Notice is hereby given as provided by the laws of the State of Alabama that UNIVERSITY OF ALABAMA HOSPITAL whose address is POB 308, 619 19th ST. S., Birmingham, AL 35249-6510, which operates a hospital of the same name, at the same address, claims a lien for the reasonable charges of hospital care, treatment and maintenance received by Eloy Corona of 100 Project Ln E 1, Collinsville, Al 35961 against all causes of action, suits, claims, counter claims and demands accruing to the said Eloy Corona or his legal representative, and against all judgments, settlements and settlement agreements entered into by virtue thereof and on account of such injuries giving rise to such causes of action, suits, claims, counter claims, demands, judgments, settlements or settlement agreements and which necessitated such hospital care

065386213-7083

Amount Claimed  $597,637 10          Date of Admission  03/24/2017

Date of Injury   03/24/2017          Date of Discharge  04/03/2017

The names and addresses of all persons, firms or corporations claimed by such injured person, or the legal representative of such person, to be liable for damages arising from such injuries are, to the best of the claimant's knowledge, as follows

Name _____      Name _____

Address _____      Address _____

UNIVERSITY OF ALABAMA HOSPITAL

By _Colundra McLeod_
Duly Authorized Representative, UAB/PFS

Before me, _Shellyn Lee Gilbert_, a Notary Public in and for the County of Jefferson, State of Alabama, personally appeared, Colundra McLeod, who being by me first duly sworn, doth depose and say that she is the authorized representative for the claimant, and as such has personal knowledge of the facts set forth in the foregoing statement of lien, and that the same are true and correct
Subscribed and sworn to before me this _6th_ day of _April_ 2017

_Shellyn Lee Gilbert_
Notary Public

Hospital Lien Prepared by Michelle Brogdon
P O B 308, 619 19th Street South
Birmingham, AL 35249

SHELLYN LEE GILBERT
My Commission Expires
October 26, 2020

**EXHIBIT A**

County Division Code: AL040 Inst. # 2017034407 Pages: 1 of 1  I certify this instrument filed on: 4/6/2017 2:26 PM
Doc: PPHL Alan L. King, Judge of Probate Jefferson County, AL Rec: $16.00
Clerk: NICOLE

## NOTICE OF HOSPITAL LIEN
## UNIVERSITY OF ALABAMA HOSPITAL
POB 308, 619 19th ST. S., Birmingham, AL 35249-6510
1-888-309-8435 or 205-934-6400

### THIS IS NOT A BILL

**STATE OF ALABAMA**
**JEFFERSON COUNTY-BIRMINGHAM**

Notice is hereby given, as provided by the laws of the State of Alabama that **UNIVERSITY OF ALABAMA HOSPITAL** whose address is POB 308, 619 19th ST. S., Birmingham, AL 35249-6510, which operates a hospital of the same name, at the same address, claims a lien for the reasonable charges of hospital care, treatment and maintenance received by: Eloy Corona of 100 Project Ln E 1, Collinsville, Al. 35961 against all causes of action, suits, claims, counter claims and demands accruing to the said Eloy Corona or his legal representative, and against all judgments, settlements and settlement agreements entered into by virtue thereof and on account of such injuries giving rise to such causes of action, suits, claims, counter claims, demands, judgments, settlements or settlement agreements and which necessitated such hospital care.
065386213-7083

| | | | |
|---|---|---|---|
| Amount Claimed: | $597,637.10 | Date of Admission: | 03/24/2017 |
| Date of Injury: | 03/24/2017 | Date of Discharge: | 04/03/2017 |

The names and addresses of all persons, firms or corporations claimed by such injured person, or the legal representative of such person, to be liable for damages arising from such injuries are, to the best of the claimant's knowledge, as follows:

Name: _____    Name: _____

Address: _____    Address: _____

UNIVERSITY OF ALABAMA HOSPITAL
By: _Colundra McLeod_
Duly Authorized Representative, UAB/PFS

Before me, _Shellyn Lee Gilbert_, a Notary Public in and for the County of Jefferson, State of Alabama, personally appeared, Colundra McLeod, who being by me first duly sworn, doth depose and say that she is the authorized representative for the claimant, and as such has personal knowledge of the facts set forth in the foregoing statement of lien, and that the same are true and correct.
Subscribed and sworn to before me this _6th_ day of _April_ 2017.

_Shellyn Lee Gilbert_
Notary Public

Hospital Lien Prepared by: Michelle Brogdon
P O B 308, 619 19th Street South
Birmingham, AL 35249


SHELLYN LEE GILBERT
My Commission Expires
October 25, 2020

**EXHIBIT B**