FILED
2017 Sep-20 PM 12:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT I- PART 1

ELECTRONICALLY FILED
3/28/2017 9:45 PM
31-CV-2017-900252.00
CIRCUIT COURT OF
ETOWAH COUNTY, ALABAMA
CASSANDRA JOHNSON, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>31-<br>Date of Filing:<br>03/28/2017 | Judge Code: |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA**
**OSCAR GALLEGOS CORONA v. WING ENTERPRISES, INC. ET AL**

**First Plaintiff:** ☐ Business  ☑ Individual     **First Defendant:** ☑ Business  ☐ Individual
                    ☐ Government  ☐ Other                              ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☑ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING      A ☐ APPEAL FROM DISTRICT COURT     O ☐ OTHER
            R ☐ REMANDED             T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** BAR182      3/28/2017 9:45:30 PM      /s/ STEVEN DREW BARNETT
                                Date                     Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES  ☑ NO  ☐ UNDECIDED

ELECTRONICALLY FILED
3/28/2017 9:45 PM
31-CV-2017-900252.00
CIRCUIT COURT OF
ETOWAH COUNTY, ALABAMA
CASSANDRA JOHNSON, CLERK

DOCUMENT 2

IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

OSCAR GALLEGOS CORONA, as the )
brother and next friend of ELOY )
GALLEGOS CORONA, an incapacitated )
adult, )
)
    Plaintiff, )
) CIVIL ACTION NO.:
v. )
) **JURY TRIAL DEMANDED**
WING ENTERPRISES, INC., d/b/a )
LITTLE GIANT LADDERS, )
a corporation; )
WING PRODUCT DEVELOPMENT, )
L.C., A corporation; )

**No. 1**, whether singular or plural, that entity or those entities who or which designed the LITTLE GIANT LADDER and its component parts involved in the occurrence made the basis of this lawsuit, or any component part thereof; **No. 2**, whether singular or plural, that entity or those entities who or which manufactured, assembled, or installed the LITTLE GIANT LADDER and its component parts involved in the occurrence made the basis of this lawsuit, or any component part thereof; **No. 3**, whether singular or plural, that entity or those entities who or which had any role in the distributive chain regarding the LITTLE GIANT LADDER and its component parts involved in the occurrence made the basis of this lawsuit or any component part thereof; **No. 4**, whether singular or plural, that entity or those entities who or which, prior to the occurrence made the basis of this lawsuit, altered or repaired the LITTLE GIANT LADDER and its component parts involved in said occurrence or any component part thereof; **No. 5**, whether singular or plural, that entity or those entities who or which failed to warn or issued inadequate warnings or instructions regarding the use or operation of the LITTLE GIANT LADDER and its component parts involved in the occurrence made the basis of this lawsuit or any component part thereof; **No. 6**, whether singular or plural, that entity or those entities which provided workmen's compensation, product liability and/or general liability insurance coverage for the manufacturer and/or distributor of the LITTLE GIANT LADDER and its component parts involved in the occurrence made the basis of this lawsuit at the time of said occurrence or at any time prior thereto; **No. 7**, whether singular or plural, that entity or those entities who or which was responsible for advertising the LITTLE GIANT LADDER and its component parts involved in the occurrence made the basis of this lawsuit or any component part thereof; **No. 8**, whether singular or plural, that entity or those entities who or which did any consulting work, i.e, advertising, engineering, etc., referable to such design, manufacture and/or assembly of the LITTLE GIANT LADDER and its component parts involved in the occurrence made the basis of this lawsuit or any component part thereof; **No. 9**, whether singular or plural, that entity or those entities, who or which tested, inspected, approved or issued any approval of the LITTLE GIANT LADDER and its component parts involved in the occurrence made the basis of this lawsuit, or any component part

1

thereof; **No. 10**, whether singular or plural, that entity or those entities who or which conducted safety inspections or analyses of or with reference to the LITTLE GIANT LADDER and its component parts involved in the occurrence made the basis of this lawsuit, or any component part thereof, and/or the design or manufacturing process of each such product, including but not limited to the products liability insurance carrier for the manufacturer or distributor of any of the aforesaid products; **No. 11**, whether singular or plural, that entity or those entities who or which was responsible for the defective condition of the LITTLE GIANT LADDER and its component parts involved in the occurrence made the basis of this lawsuit on the date of said occurrence or any component part thereof; **No. 12**, whether singular or plural, that entity or those entities who allowed or placed the LLITTLE GIANT LADDER and its component parts involved in the occurrence made the basis of this lawsuit into the stream of commerce in a defective and hence unreasonably dangerous condition; **No. 13**, whether singular or plural, that entity or those entities, other than those entities described above, whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; **No. 14**, whether singular or plural, that entity or those entities, that individual or those individuals, other than those individuals and entities described above, whose negligence, wantonness or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit; **No. 15**, whether singular or plural, that entity or those entities who or which provided any insurance coverage, of whatever kind or character, to any of the named or fictitious defendants herein; **No. 16**, whether singular or plural, that entity, other than those entities described above, which is the successor in interest of any of those entities described above; **No. 17**, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the LITTLE GIANT LADDER and its component parts involved in the occurrence made the basis of this lawsuit; **No. 18**, whether singular or plural, that entity or those entities who or which did any repair work on the LITTLE GIANT LADDER and its component parts involved in the occurrence made the basis of this complaint; **No. 19**, whether singular or plural, that entity or those entities who or which was responsible for the condition or state of repair of the LITTLE GIANT LADDER and its component parts involved in the occurrence made the basis of this lawsuit; **No. 20**, whether singular or plural, that entity or those entities, that individual or those individuals who or which repaired, altered, or maintained the LITTLE GIANT LADDER and its component parts involved in the occurrence made the basis of this lawsuit; **No. 21**, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance and operation of the LITTLE GIANT LADDER and its component parts involved in the occurrence made the basis of this lawsuit; **No. 22**, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above. **No. 23**, whether singular or plural, that person or those persons who were employees or executive officers of plaintiff's employer who had been delegated responsibility by their employer to provide plaintiff with a safe place to work or a reasonably safe work environment; **No. 24**, whether singular or plural, that person or those persons who were employees or executive officers of plaintiff's employer who were guilty of willful conduct on or before the occasion made the basis of this suit and whose willful conduct was a proximate cause of plaintiff's injuries; **No. 25**, whether singular or plural, that entity or those entities who or which had conducted safety inspection or analysis with respect to the work being done by, operations of, and or facilities of the plaintiff's employer at any time before the occurrence made the basis of plaintiff's complaint; **No. 26**, whether singular or plural, that entity or those entities who or which was involved in planning which related in any way to the safety of

the plaintiff on the execution of work being done at the time of the occurrence made the basis of this lawsuit; **No. 27**, whether singular or plural, that entity or those entities who or which conducted safety inspections or analyses at or with reference to the site of the occurrence made the basis of this lawsuit, prior to the date of said occurrence; **No. 28**, whether singular or plural, any and all insurance carriers which made any visit to or loss control inspection of the work site where plaintiff was injured or any other place of business of plaintiff's employer prior to the occurrence made the basis of plaintiff's complaint; **No. 29**, whether singular or plural, that entity or those entities who or which controlled or had the right to control the work being done at the time of the occurrence made the basis of this lawsuit; **No. 30**, whether singular or plural, that entity or those entities who or which was the owner or owners of the site of the work being done at the time of the occurrence made the basis of this lawsuit; **No. 31**, whether singular or plural, that entity who or which installed the LITTLE GIANT LADDER involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 32**, whether singular or plural, that person, or those persons that entity or those entities whose duty it was to maintain the LITTLE GIANT LADDER involved in the occurrence made the basis of this lawsuit from the time it was manufactured or assembled until the time of plaintiff's injuries made the basis of this suit; **No. 33**, whether singular or plural, that entity or those entities who or which conducted safety inspections or analyses of or with reference to the LITTLE GIANT LADDER or its component parts involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith and/or the design or manufacturing process of each said product including, but not limited to, the products liability insurance carrier for the manufacturer or distributor of any of the aforesaid products; **No. 34**, whether singular or plural, that entity or those entities which reinsured or provided excess coverage with relation to any self-insurance program provided by plaintiff's employer; (Plaintiff avers that the true identities of the foregoing fictitious parties defendant are otherwise unknown to the plaintiffs at this time, or, if their names are known to the plaintiffs, their identities as proper parties defendant are not known at this time, and their true names will be substituted when ascertained.

     Defendants.               )

# COMPLAINT

## PARTIES

1. Plaintiff, **OSCAR GALLEGOS CORONA,** is over the age of (19) years, and is a resident of Collinsville, DeKalb County, Alabama. Plaintiff brings this suit on behalf of **ELOY GALLEGOS CORONA**, as brother and next friend of **ELOY GALLEGOS CORONA. ELOY GALLEGOS CORONA** is an incapacitated adult, over the age of nineteen (19)

3

years, and is a resident of Collinsville, DeKalb County, Alabama.

2. Defendant, **WING ENTERPRISES, INC., d/b/a LITTLE GIANT LADDERS,** is believed to be a foreign corporation, incorporated in Springville, Utah County, in the State of Utah and having its principal place in business in Springville, Utah. At all times material to the allegations in this complaint Defendant does business in Etowah County, Alabama.

3. Defendant, **WING PRODUCT DEVELOPMENT, L.C.,** is believed to be a foreign corporation, incorporated in Springville, Utah County, in the State of Utah and having its principal place in business in Springville, Utah. At all times material to the allegations in this complaint Defendant does business in Etowah County, Alabama.

## FACTS

4. On or about March 24th, 2017, **ELOY GALLEGOS CORONA,** was working at the Gadsden Mall in Gadsden, Etowah County, Alabama. On said date, while operating a LITTLE GIANT LADDER SYSTEM, (Heavy Duty Type I, Model 17, Part 14517) in Gadsden, Etowah County, Alabama, **ELOY GALLEGOS CORONA,** was severely injured when the LITTLE GIANT LADDER collapsed causing him to fall. As a proximate result thereof, Plaintiff, **ELOY GALLEGOS CORONA,** was severely injured.

5. Prior to March 24th, 2017, Defendant, **WING ENTERPRISES, INC., d/b/a LITTLE GIANT LADDERS,** was in the business of designing, manufacturing, and/or distributing LITTLE GIANT LADDER SYSTEMS, and designed, manufactured, and/or distributed the LITTLE GIANT LADDER SYSTEMS, Plaintiff used at the time of the incident made the basis of this suit.

DOCUMENT 2

4

6. Prior to March 24th, 2017, Defendant, **WING PRODUCT DEVELOPMENT, L.C.,** was in the business of designing, testing, manufacturing, and/or distributing LITTLE GIANT LADDER SYSTEMS, and designed, manufactured, and/or distributed the subject ladder Plaintiff used at the time of the incident made the basis of this suit.

## COUNT I

7. On or about March 24th, 2017, **ELOY GALLEGOS CORONA,** was working at the Gadsden Mall in Gadsden, Etowah County, Alabama. On said date, while operating a LITTLE GIANT LADDER SYSTEM, in Gadsden, Etowah County, Alabama, **ELOY GALLEGOS CORONA,** was severely injured when the LITTLE GIANT LADDER collapsed causing him to fall. As a proximate result thereof, Plaintiff, **ELOY GALLEGOS CORONA,** was severely injured.

8. At the aforementioned time and place, and for some time prior thereto, the Defendants, **WING ENTERPRISES, INC., d/b/a LITTLE GIANT LADDERS,** a corporation; **WING PRODUCT DEVELOPMENT, L.C.,** a corporation, and fictitious party defendants numbered **1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, and/or 34,** were engaged in the business of designing, testing, manufacturing, selling and/or distributing LITTLE GIANT LADDER and its component parts throughout the United States, including the state of Alabama, for use by certain members of the general public. Said Defendants during said period of time and for a valuable consideration designed, tested, manufactured, sold and/or distributed the LITTLE GIANT LADDER (identified as a Heavy Duty Type 1, Model 17, Part 14517) which injured **ELOY**

DOCUMENT 2

5

GALLEGOS CORONA, causing his injuries as set forth herein.

9. At the aforesaid time and place, said LITTLE GIANT LADDER and its component parts were in substantially the same condition as when designed, tested, manufactured, sold and/or distributed, and was being used in a manner that was foreseeable. The LITTLE GIANT LADDER and its component parts were not reasonably safe when being used in a foreseeable manner, but, to the contrary, were defective and unreasonably dangerous to the human body when being so used. Said Defendants knew, or in the exercise of reasonable care should have known, that said LITTLE GIANT LADDER and its component parts were unreasonably dangerous to the human body when being so used in a foreseeable manner.

10. On or before March 24th, 2017, one or more of the above-named Defendants, **WING ENTERPRISES, INC., d/b/a LITTLE GIANT LADDERS**, a corporation; **WING PRODUCT DEVELOPMENT, L.C.**, a corporation, and fictitious party defendants numbered **1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, and/or 34**, was guilty of negligent and/or wanton conduct and/or was in violation of the Alabama Extended Manufacturer's Liability Doctrine and/or Strict Liability Doctrine and said negligent, wanton, or other wrongful conduct combined and concurred, to proximately cause **ELOY GALLEGOS CORONA**'s injuries and damages as set out below.

    (a) **ELOY GALLEGOS CORONA** was caused to suffer serious permanent injuries, including, but not limited to traumatic brain injury.

    (b) **ELOY GALLEGOS CORONA** was caused to be permanently injured.

    (c) **ELOY GALLEGOS CORONA** was caused and will be caused in the future to expend large sums of money in the nature of doctor, hospital, drug and other medical

DOCUMENT 2

expenses in and about an effort to heal and cure his injuries.

(d) **ELOY GALLEGOS CORONA** was caused to be permanently unable to pursue many of his normal and usual activities.

(e) **ELOY GALLEGOS CORONA** was caused to lose time from his employment, thereby sustaining a loss of income;

(f) **ELOY GALLEGOS CORONA** is expected to lose time from his employment in the future, which will result in additional lost wages and a loss of earning capacity; and

(g) **ELOY GALLEGOS CORONA** has suffered mental anguish and emotional distress.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, jointly and severally, including the fictitious party Defendants, in a sum in excess of the jurisdictional limits of this court, to be determined by a jury, which will fairly and adequately compensate the Plaintiff for injuries and damages sustained, together with interest from the date of injury, and the cost of this proceeding. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts.

## COUNT II

11. Plaintiff re-adopts and re-alleges Paragraphs 1 through 10 as if fully set out herein.

12. The Defendants, **WING ENTERPRISES, INC., d/b/a LITTLE GIANT LADDERS**, a corporation; **WING PRODUCT DEVELOPMENT, L.C.**, a corporation, and fictitious party defendants numbered **1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, and/or 34**, as the designers, manufacturers, sellers and/or distributors of the LITTLE GIANT LADDER SYSTEM and its component parts

DOCUMENT 2

involved in the occurrence made the basis of Plaintiff's Complaint negligently and/or wantonly failed to warn **ELOY GALLEGOS CORONA** of the dangers associated with the use of said LITTLE GIANT LADDER and its component parts due to its defective and unsafe condition as aforementioned and such negligent and/or wanton conduct was a proximate cause of Plaintiff's injuries as set out in Count I.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, jointly and severally, including the fictitious party Defendants, in a sum in excess of the jurisdictional limits of this court, to be determined by a jury, which will fairly and adequately compensate the Plaintiff for injuries and damages sustained, together with interest from the date of injury, and the cost of this proceeding. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts.

DOCUMENT 2

## COUNT III

13. Plaintiff re-adopts and re-alleges Paragraphs 1 through 12 as if fully set out herein.

14. The Defendant, **WING ENTERPRISES, INC., d/b/a LITTLE GIANT LADDERS,** a corporation; **WING PRODUCT DEVELOPMENT, L.C.,** a corporation, and fictitious party defendants numbered **1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, and/or 34,** expressly and/or impliedly warranted that the LITTLE GIANT LADDER SYSTEM and its component parts involved in the occurrence made the basis of the Plaintiff's Complaint was reasonably fit and suitable for the

purpose for which it was intended to be used. Plaintiff avers that each of said Defendants breached said expressed and/or implied warranties and that said LITTLE GIANT LADDER SYSTEM and its component parts were not reasonably fit and suitable for the purpose for which it was intended to be used, but, to the contrary, said LITTLE GIANT LADDER SYSTEM and its component parts at the time it was manufactured, distributed, sold and/or delivered, was in a dangerously defective and unsafe condition as aforementioned. Plaintiff further avers that as a proximate result of the aforesaid breach of warranty by each of said Defendants, **ELOY GALLEGOS CORONA** was caused to suffer injuries as set out in Count I.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, jointly and severally, including the fictitious party Defendants, in a sum in excess of the jurisdictional limits of this court, to be determined by a jury, which will fairly and adequately compensate the Plaintiff for injuries and damages sustained, together with interest from the date of injury, and the cost of this proceeding. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts.

KEITH T. BELT, JR. (BEL-026)
ROBERT P. BRUNER (BRU-029)
S. DREW BARNETT (BAR-182)
W. ALAN DUKE, JR. (DUK-019)
Attorneys for Plaintiff

DOCUMENT 2

OF COUNSEL:
**BELT & BRUNER, P.C.**
880 Montclair Road, Suite 300
Birmingham, AL 35213
Telephone: (205) 933-1500
Facsimile:  (205) 933-5500
keithb@beltlawfirm.com
robertb@beltlawfirm.com
drewb@beltlawfirm.com
aland@beltlawfirm.com

/s/JAMES SHELNUTT
**JAMES SHELNUTT (SHE-084)**
Attorneys for Plaintiff

OF COUNSEL:
James Shelnutt, Esq.
**SHELNUTT LAW FIRM, P.C.**
601 South 5th Street
Gadsden, AL 35901
Phone:  (256) 547-4988
E-Mail:   gadsdenlawyer@bellsouth.net

DOCUMENT 2

## JURY DEMAND

Pursuant to Alabama Rules of Civil Procedure, Plaintiff demands a trial by jury on all counts herein in this action.

Respectfully submitted.

OF COUNSEL

## REQUEST FOR CERTIFIED MAIL SERVICE

The plaintiff hereby requests that the defendants be served by certified mail, return receipt requested.

10



_____
OF COUNSEL

Plaintiff's Address:
ELOY GALLEGOS CORONA
c/o Belt & Bruner, P.C.
880 Montclair Road, Suite 300
Birmingham, AL 35213

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL TO:**

**WING ENTERPRISES, INC., d/b/a
LITTLE GIANT LADDERS**
c/o Harold Arthur Wing
1198 N. Spring Creek Place
Springville, UT 84663

**WING PRODUCT DEVELOPMENT, L.C.**
c/o Harold Arthur Wing
1198 N. Spring Creek Place
Springville, UT 84663

DOCUMENT 2

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>31-CV-2017-900252.00 |
|---|---|---|

IN THE CIRCUIT COURT OF ETOWAH COUNTY

OSCAR GALLEGOS CORONA V. WING ENTERPRISES, INC. ET AL

NOTICE TO   WING ENTERPRISES, INC., C/O HAROLD ARTHUR WING 1198 N SPRING CREEK PLACE, SPRINGVILLE, UT 84663

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY STEVEN DREW BARNETT

WHOSE ADDRESS IS  880 Montclair Road, Suite 300, BIRMINGHAM, AL 35213

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   OSCAR GALLEGOS CORONA
pursuant to the Alabama Rules of the Civil Procedure

Date  3/28/2017 9:46:08 PM       /s/ CASSANDRA JOHNSON
Clerk/Register

801 FORREST AVENUE
SUITE 202
GADSDEN, AL 35901

☑ Certified Mail is hereby requested         /s/ STEVEN DREW BARNETT
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____ (Date)

Date               Server's Signature               Address of Server

Type of Server     Server's Printed Name

Phone Number of Server

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>31-CV-2017-900252.00 |
|---|---|---|

IN THE CIRCUIT COURT OF ETOWAH COUNTY
OSCAR GALLEGOS CORONA V. WING ENTERPRISES, INC. ET AL

NOTICE TO   WING PRODUCT DEVELOPMENT, L.C., C/O HAROLD ARTHUR WING 1198 N SPRING CREEK PLACE, SPRINGVILLE, UT 84663

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY STEVEN DREW BARNETT

WHOSE ADDRESS IS  880 Montclair Road, Suite 300, BIRMINGHAM, AL 35213

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   OSCAR GALLEGOS CORONA
  pursuant to the Alabama Rules of the Civil Procedure

Date  3/28/2017 9:46:08 PM      /s/ CASSANDRA JOHNSON
                                Clerk/Register
                                801 FORREST AVENUE
                                SUITE 202
                                GADSDEN, AL 35901

☑ Certified Mail is hereby requested      /s/ STEVEN DREW BARNETT
                                          Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on  _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to  _____

_____ in _____ County, Alabama on _____
                                                                 (Date)

_____         _____          _____
Date                       Server's Signature          Address of Server

_____         _____          _____
Type of Server             Server's Printed Name

                                                       _____
                                                       Phone Number of Server

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Wing Enterprises, Inc.
C/O Harold Arthur Wing
1198 N Spring Creek Place
Springville, UT 84663

CV-2017-900252 WBO D001

9590 9402 1727 6074 4989 53

2. Article Number (Transfer from service label)

7013 1710 0000 7846 4957

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Jill O'Neill_
☐ Agent
☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery
Traci Guil                      4/3/17

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

FILED
APR 07 2017
CAROLINE SAMS
CIRCUIT CLERK

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 1727 6074 4989 53

United States Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box®

CASSANDRA "SAM" JOHNSON
ETOWAH COUNTY CIRCUIT CLERK
801 FORREST AVE - SUITE 202
GADSDEN, ALABAMA 35901

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Wing Product Development LC
C/O Harold Arthur Wing
1198 N Spring Creek Place
Springville, UT 84663
CV-2017-900252 WBO D002

9590 9402 1727 6074 4989 60

2. Article Number (Transfer from service label)

7013 1710 0000 7846 4964

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _[signature]_  ☐ Agent  ☐ Addressee

B. Received by (Printed Name) Traci Gull

C. Date of Delivery 4/3/17

D. Is delivery address different from item 1? ☐ Yes ☐ No
If YES, enter delivery address below:

[FILED APR 07 2017 CASSANDRA _____ CIRCUIT COURT CLERK]

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

APR -- 2017

USPS TRACKING #

9590 9402 1727 6074 4989 60

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

CASSANDRA "SAM" JOHNSON
ETOWAH COUNTY CIRCUIT CLERK
801 FORREST AVE - SUITE 202
GADSDEN, ALABAMA 35901