FILED
2017 Sep-20  PM 12:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT I- PART 2

ELECTRONICALLY FILED
7/5/2017 7:59 AM
31-CV-2017-900252.00
CIRCUIT COURT OF
ETOWAH COUNTY, ALABAMA
CASSANDRA JOHNSON, CLERK

DOCUMENT 76

## IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

PATRICK TATE, Administrator of the )
Estate of OSCAR GALLEGOS CORONA, )
Deceased, )
                             )
        Plaintiff, )
                             )            CIVIL ACTION NO.:
v. )            CV-2017-900252
                             )
WING ENTERPRISES, INC., d/b/a )
LITTLE GIANT LADDERS, )
a corporation; )
WING PRODUCT DEVELOPMENT, )
L.C., A corporation;    Et. Al., )
                             )
        Defendants. )

## FIRST AMENDMENT TO COMPLAINT

Comes now the Plaintiff, pursuant to Rule 15 (a) of the Alabama Rules of Civil Procedure, and hereby amends his original Complaint, a copy of which is attached hereof as if fully set out herein, as follows:

1.      By substituting the name of **PATRICK L. TATE, Administrator of the ESTATE OF ELOY GALLEGOS CORONA, Deceased,** in lieu of and instead of Plaintiff, OSCAR GALLEGOS CORONA, as the brother and next friend of ELOY GALLEGOS CORONA, an incapacitated Adult, named in plaintiffs' original complaint. On June 24, 2017, Plaintiff filed a Motion for Substitution of Parties Pursuant to Ala. R. Civ. P. 25 [Doc.68]. On June 26, 2017, this Honorable Court granted [Doc.72] Plaintiff's Motion for Substitution of Parties.

2.      By substituting the name of **PATRICK L. TATE, Administrator of the ESTATE OF ELOY GALLEGOS CORONA, Deceased,** to the original Complaint, Plaintiff re-adopts

1

and re-alleges each and every material averment of the original Complaint, and any amendment thereto, as if fully set out herein. By adopting and re-alleging each material averment of the original Complaint, and by alleging Counts IV and V, herein, against Defendant, WING ENTERPRISES, INC., d/b/a LITTLE GIANT LADDERS, a corporation; and WING PRODUCT DEVELOPMENT, L.C., a corporation.

3.    By adding the above Counts IV and V to the original Complaint, the Plaintiff re-adopts and re-alleges each and every material averment of the original Complaint as if fully set out herein.

## COUNT IV

15.    Plaintiff re-adopts and re-alleges Paragraphs 1 through 14 as if fully set out herein.

16.    As a result of the subject accident described in the Complaint, **ELOY GALLEGOS CORONA** died on or about April 3, 2017. Letters of Administration were issued to **PATRICT L. TATE** on June 2, 2017, by the Probate Court of DeKalb County, Alabama.

17.    The Plaintiff, **PATRICK L. TATE,** is over the age of nineteen (19) years and is a resident citizen of DeKalb County, Alabama. Plaintiff, **PATRICK L. TATE, as Administrator of the Estate of ELOY GALLEGOS CORONA,** files this claim for wrongful death pursuant to §6-5-410 of the Code of Alabama.

## COUNT V

18.    Plaintiff re-adopts and re-alleges Paragraphs 1 through 17 as if fully set out herein.

2

DOCUMENT 76

19.     This portion of the Amended Complaint is brought pursuant to the case of <u>Benefield</u>

<u>v. Aquaslide 'N' Dive Corporation</u>, 406 So.2d 873 (Ala. 1981), for the pain and

suffering proximately caused by the Defendants and experienced by **ELOY**

**GALLEGOS CORONA** from the time of his injuries until the time of death.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, jointly and

severally, including the fictitious party Defendants, in a sum in excess of the jurisdictional

limits of this court, to be determined by a jury, which will fairly and adequately compensate

the Plaintiff for the wrongful death of **ELOY GALLEGOS CORONA**, together with

interest from the date of injury, and the cost of this proceeding.

**KEITH T. BELT, JR. (BEL-026)**
**ROBERT P. BRUNER (BRU-029)**
**S. DREW BARNETT (BAR-182)**
**W. ALAN DUKE, JR. (DUK-019)**
Attorneys for Plaintiff

OF COUNSEL:
**BELT & BRUNER, P.C.**
880 Montclair Road, Suite 300
Birmingham, AL 35213
Telephone: (205) 933-1500
Facsimile:  (205) 933-5500
keithb@beltlawfirm.com
robertb@beltlawfirm.com
drewb@beltlawfirm.com
aland@beltlawfirm.com

_/s/ JAMES SHELNUTT_
**JAMES SHELNUTT (SHE-084)**
Attorneys for Plaintiff

OF COUNSEL:

3

James Shelnutt, Esq.
**SHELNUTT LAW FIRM, P.C.**
601 South 5th Street
Gadsden, AL 35901
Phone:   (256) 547-4988
E-Mail:     gadsdenlawyer@bellsouth.net

<div style="writing-mode: vertical">DOCUMENT 76</div>

## CERTIFICATE OF SERVICE

I do hereby certify that on _____5th_____ day of ___July___, 2017, I electronically filed the foregoing with the Clerk of the Court, using the ALAFILE system which will send notification of such filing to the following registered persons and that those persons not registered with the ALAFILE system were served by placing a copy of same in the United States Mail, First Class Postage Prepaid, to:

**WING ENTERPRISES, INC. d/b/a**
**LITTLE GIANT LADDERS**
**WING PRODUCT DEVELOPMENT, L.C.**
Connie Ray Stockham, Esq.
STOCKHAM, COOPER & POTTS, P.C.
505 North Twentieth Street
Suite 1111
Birmingham, Alabama 35203
E.:     cstockham@scplaw.net

F. Michael Haney, Esq.
INZER, HANEY, McWHORTER & HANEY, LLC
P. O. Drawer 287
Gadsden, AL 35902-0287
E.:     mikehaney@bellsouth.net

OF COUNSEL

4

ELECTRONICALLY FILED
3/28/2017 9:45 PM
31-CV-2017-900252.00
CIRCUIT COURT OF
ETOWAH COUNTY, ALABAMA
CASSANDRA JOHNSON, CLERK

DOCUMENT 26

## IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

OSCAR GALLEGOS CORONA, as the )
brother and next friend of ELOY )
GALLEGOS CORONA, an incapacitated )
adult, )
         )
         Plaintiff, )
         )         CIVIL ACTION NO.:
v. )
         )         **JURY TRIAL DEMANDED**
         )
WING ENTERPRISES, INC., d/b/a )
LITTLE GIANT LADDERS, )
a corporation; )
WING PRODUCT DEVELOPMENT, )
L.C., A corporation; )

No. 1, whether singular or plural, that entity or those entities who or which designed the LITTLE GIANT LADDER and its component parts involved in the occurrence made the basis of this lawsuit, or any component part thereof; No. 2, whether singular or plural, that entity or those entities who or which manufactured, assembled, or installed the LITTLE GIANT LADDER and its component parts involved in the occurrence made the basis of this lawsuit, or any component part thereof; No. 3, whether singular or plural, that entity or those entities who or which had any role in the distributive chain regarding the LITTLE GIANT LADDER and its component parts involved in the occurrence made the basis of this lawsuit or any component part thereof; No. 4, whether singular or plural, that entity or those entities who or which, prior to the occurrence made the basis of this lawsuit, altered or repaired the LITTLE GIANT LADDER and its component parts involved in said occurrence or any component part thereof; No. 5, whether singular or plural, that entity or those entities who or which failed to warn or issued inadequate warnings or instructions regarding the use or operation of the LITTLE GIANT LADDER and its component parts involved in the occurrence made the basis of this lawsuit or any component part thereof; No. 6, whether singular or plural, that entity or those entities which provided workmen's compensation, product liability and/or general liability insurance coverage for the manufacturer and/or distributor of the LITTLE GIANT LADDER and its component parts involved in the occurrence made the basis of this lawsuit at the time of said occurrence or at any time prior thereto; No. 7, whether singular or plural, that entity or those entities who or which was responsible for advertising the LITTLE GIANT LADDER and its component parts involved in the occurrence made the basis of this lawsuit or any component part thereof; No. 8, whether singular or plural, that entity or those entities who or which did any consulting work, i.e, advertising, engineering, etc., referable to such design, manufacture and/or assembly of the LITTLE GIANT LADDER and its component parts involved in the occurrence made the basis of this lawsuit or any component part thereof; No. 9, whether singular or plural, that entity or those entities, who or which tested, inspected, approved or issued any approval of the LITTLE GIANT LADDER and its component parts involved in the occurrence made the basis of this lawsuit, or any component part

1

thereof; **No. 10**, whether singular or plural, that entity or those entities who or which conducted safety inspections or analyses of or with reference to the LITTLE GIANT LADDER and its component parts involved in the occurrence made the basis of this lawsuit, or any component part thereof, and/or the design or manufacturing process of each such product, including but not limited to the products liability insurance carrier for the manufacturer or distributor of any of the aforesaid products; **No. 11**, whether singular or plural, that entity or those entities who or which was responsible for the defective condition of the LITTLE GIANT LADDER and its component parts involved in the occurrence made the basis of this lawsuit on the date of said occurrence or any component part thereof; **No. 12**, whether singular or plural, that entity or those entities who allowed or placed the LLITTLE GIANT LADDER and its component parts involved in the occurrence made the basis of this lawsuit into the stream of commerce in a defective and hence unreasonably dangerous condition; **No. 13**, whether singular or plural, that entity or those entities, other than those entities described above, whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; **No. 14**, whether singular or plural, that entity or those entities, that individual or those individuals, other than those individuals and entities described above, whose negligence, wantonness or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit; **No. 15**, whether singular or plural, that entity or those entities who or which provided any insurance coverage, of whatever kind or character, to any of the named or fictitious defendants herein; **No. 16**, whether singular or plural, that entity, other than those entities described above, which is the successor in interest of any of those entities described above; **No. 17**, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the LITTLE GIANT LADDER and its component parts involved in the occurrence made the basis of this lawsuit; **No. 18**, whether singular or plural, that entity or those entities who or which did any repair work on the LITTLE GIANT LADDER and its component parts involved in the occurrence made the basis of this complaint; **No. 19**, whether singular or plural, that entity or those entities who or which was responsible for the condition or state of repair of the LITTLE GIANT LADDER and its component parts involved in the occurrence made the basis of this lawsuit; **No. 20**, whether singular or plural, that entity or those entities, that individual or those individuals who or which repaired, altered, or maintained the LITTLE GIANT LADDER and its component parts involved in the occurrence made the basis of this lawsuit; **No. 21**, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance and operation of the LITTLE GIANT LADDER and its component parts involved in the occurrence made the basis of this lawsuit; **No. 22**, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above.  **No. 23**, whether singular or plural, that person or those persons who were employees or executive officers of plaintiff's employer who had been delegated responsibility by their employer to provide plaintiff with a safe place to work or a reasonably safe work environment; **No. 24**, whether singular or plural, that person or those persons who were employees or executive officers of plaintiff's employer who were guilty of willful conduct on or before the occasion made the basis of this suit and whose willful conduct was a proximate cause of plaintiff's injuries; **No. 25**, whether singular or plural, that entity or those entities who or which had conducted safety inspection or analysis with respect to the work being done by, operations of, and or facilities of the plaintiff's employer at any time before the occurrence made the basis of plaintiff's complaint; **No. 26**, whether singular or plural, that entity or those entities who or which was involved in planning which related in any way to the safety of

DOCUMENT 25

2

the plaintiff on the execution of work being done at the time of the occurrence made the basis of this lawsuit; **No. 27**, whether singular or plural, that entity or those entities who or which conducted safety inspections or analyses at or with reference to the site of the occurrence made the basis of this lawsuit, prior to the date of said occurrence; **No. 28**, whether singular or plural, any and all insurance carriers which made any visit to or loss control inspection of the work site where plaintiff was injured or any other place of business of plaintiff's employer prior to the occurrence made the basis of plaintiff's complaint; **No. 29**, whether singular or plural, that entity or those entities who or which controlled or had the right to control the work being done at the time of the occurrence made the basis of this lawsuit; **No. 30**, whether singular or plural, that entity or those entities who or which was the owner or owners of the site of the work being done at the time of the occurrence made the basis of this lawsuit; **No. 31**, whether singular or plural, that entity who or which installed the LITTLE GIANT LADDER involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 32**, whether singular or plural, that person, or those persons that entity or those entities whose duty it was to maintain the LITTLE GIANT LADDER involved in the occurrence made the basis of this lawsuit from the time it was manufactured or assembled until the time of plaintiff's injuries made the basis of this suit; **No. 33**, whether singular or plural, that entity or those entities who or which conducted safety inspections or analyses of or with reference to the LITTLE GIANT LADDER or its component parts involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith and/or the design or manufacturing process of each said product including, but not limited to, the products liability insurance carrier for the manufacturer or distributor of any of the aforesaid products; **No. 34**, whether singular or plural, that entity or those entities which reinsured or provided excess coverage with relation to any self-insurance program provided by plaintiff's employer; (Plaintiff avers that the true identities of the foregoing fictitious parties defendant are otherwise unknown to the plaintiffs at this time, or, if their names are known to the plaintiffs, their identities as proper parties defendant are not known at this time, and their true names will be substituted when ascertained.

Defendants.                              )

# COMPLAINT

## PARTIES

1.      Plaintiff, **OSCAR GALLEGOS CORONA,** is over the age of (19) years, and is a resident

of Collinsville, DeKalb County, Alabama. Plaintiff brings this suit on behalf of **ELOY**

**GALLEGOS CORONA,** as brother and next friend of **ELOY GALLEGOS CORONA.**

**ELOY GALLEGOS CORONA** is an incapacitated adult, over the age of nineteen (19)

3

years, and is a resident of Collinsville, DeKalb County, Alabama.

2.     Defendant, **WING ENTERPRISES, INC., d/b/a LITTLE GIANT LADDERS,** is believed to be a foreign corporation, incorporated in Springville, Utah County, in the State of Utah and having its principal place in business in Springville, Utah. At all times material to the allegations in this complaint Defendant does business in Etowah County, Alabama.

3.     Defendant, **WING PRODUCT DEVELOPMENT, L.C.,** is believed to be a foreign corporation, incorporated in Springville, Utah County, in the State of Utah and having its principal place in business in Springville, Utah. At all times material to the allegations in this complaint Defendant does business in Etowah County, Alabama.

## FACTS

4.     On or about March 24th, 2017, **ELOY GALLEGOS CORONA**, was working at the Gadsden Mall in Gadsden, Etowah County, Alabama. On said date, while operating a LITTLE GIANT LADDER SYSTEM, (Heavy Duty Type I, Model 17, Part 14517) in Gadsden, Etowah County, Alabama, **ELOY GALLEGOS CORONA**, was severely injured when the LITTLE GIANT LADDER collapsed causing him to fall. As a proximate result thereof, Plaintiff, **ELOY GALLEGOS CORONA**, was severely injured.

5.     Prior to March 24th, 2017, Defendant, **WING ENTERPRISES, INC., d/b/a LITTLE GIANT LADDERS,** was in the business of designing, manufacturing, and/or distributing LITTLE GIANT LADDER SYSTEMS, and designed, manufactured, and/or distributed the LITTLE GIANT LADDER SYSTEMS, Plaintiff used at the time of the incident made the basis of this suit.

6.   Prior to March 24th, 2017, Defendant, **WING PRODUCT DEVELOPMENT, L.C.,** was in the business of designing, testing, manufacturing, and/or distributing LITTLE GIANT LADDER SYSTEMS, and designed, manufactured, and/or distributed the subject ladder Plaintiff used at the time of the incident made the basis of this suit.

## COUNT I

7.   On or about March 24th, 2017, **ELOY GALLEGOS CORONA**, was working at the Gadsden Mall in Gadsden, Etowah County, Alabama.  On said date, while operating a LITTLE GIANT LADDER SYSTEM, in Gadsden, Etowah County, Alabama, **ELOY GALLEGOS CORONA**, was severely injured when the LITTLE GIANT LADDER collapsed causing him to fall.   As a proximate result thereof, Plaintiff, **ELOY GALLEGOS CORONA**, was severely injured.

8.   At the aforementioned time and place, and for some time prior thereto, the Defendants, **WING ENTERPRISES, INC., d/b/a LITTLE GIANT LADDERS,** a corporation; **WING PRODUCT DEVELOPMENT, L.C.,** a corporation, and fictitious party defendants numbered **1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, and/or 34,** were engaged in the business of designing, testing, manufacturing, selling and/or distributing LITTLE GIANT LADDER and its component parts throughout the United States, including the state of Alabama, for use by certain members of the general public. Said Defendants during said period of time and for a valuable consideration designed, tested, manufactured, sold and/or distributed the LITTLE GIANT LADDER (identified as a Heavy Duty Type 1, Model 17, Part 14517) which injured **ELOY**

5

GALLEGOS CORONA, causing his injuries as set forth herein.

9.     At the aforesaid time and place, said LITTLE GIANT LADDER and its component parts were in substantially the same condition as when designed, tested, manufactured, sold and/or distributed, and was being used in a manner that was foreseeable.  The LITTLE GIANT LADDER and its component parts were not reasonably safe when being used in a foreseeable manner, but, to the contrary, were defective and unreasonably dangerous to the human body when being so used.  Said Defendants knew, or in the exercise of reasonable care should have known, that said LITTLE GIANT LADDER and its component parts were unreasonably dangerous to the human body when being so used in a foreseeable manner.

10.    On or before March 24th, 2017, one or more of the above-named Defendants, **WING ENTERPRISES, INC., d/b/a LITTLE GIANT LADDERS,** a corporation; **WING PRODUCT DEVELOPMENT, L.C.,** a corporation, and fictitious party defendants numbered **1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, and/or 34,** was guilty of negligent and/or wanton conduct and/or was in violation of the Alabama Extended Manufacturer's Liability Doctrine and/or Strict Liability Doctrine and said negligent, wanton, or other wrongful conduct combined and concurred, to proximately  cause **ELOY GALLEGOS CORONA**'s injuries and damages as set out below.

(a)   **ELOY GALLEGOS CORONA** was caused to suffer serious permanent injuries, including, but not limited to traumatic brain injury.

(b)   **ELOY GALLEGOS CORONA** was caused to be permanently injured.

(c)   **ELOY GALLEGOS CORONA** was caused and will be caused in the future to expend large sums of money in the nature of doctor, hospital, drug and other medical

DOCUMENT 26

DOCUMENT 26

expenses in and about an effort to heal and cure his injuries.

(d)     **ELOY GALLEGOS CORONA** was caused to be permanently unable to pursue many of his normal and usual activities.

(e)     **ELOY GALLEGOS CORONA** was caused to lose time from his employment, thereby sustaining a loss of income;

(f)     **ELOY GALLEGOS CORONA** is expected to lose time from his employment in the future, which will result in additional lost wages and a loss of earning capacity; and

(g)     **ELOY GALLEGOS CORONA** has suffered mental anguish and emotional distress.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, jointly and severally, including the fictitious party Defendants, in a sum in excess of the jurisdictional limits of this court, to be determined by a jury, which will fairly and adequately compensate the Plaintiff for injuries and damages sustained, together with interest from the date of injury, and the cost of this proceeding.  Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts.

## COUNT II

11.     Plaintiff re-adopts and re-alleges Paragraphs 1 through 10 as if fully set out herein.

12.     The Defendants, **WING ENTERPRISES, INC., d/b/a LITTLE GIANT LADDERS,** a corporation; **WING PRODUCT DEVELOPMENT, L.C.,** a corporation, and fictitious party defendants numbered **1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, and/or 34,** as the designers, manufacturers, sellers and/or distributors of the LITTLE GIANT LADDER SYSTEM and its component parts

DOCUMENT 26

involved in the occurrence made the basis of Plaintiff's Complaint negligently and/or wantonly failed to warn **ELOY GALLEGOS CORONA** of the dangers associated with the use of said LITTLE GIANT LADDER and its component parts due to its defective and unsafe condition as aforementioned and such negligent and/or wanton conduct was a proximate cause of Plaintiff's injuries as set out in Count I.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, jointly and severally, including the fictitious party Defendants, in a sum in excess of the jurisdictional limits of this court, to be determined by a jury, which will fairly and adequately compensate the Plaintiff for injuries and damages sustained, together with interest from the date of injury, and the cost of this proceeding. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts.

## COUNT III

13.     Plaintiff re-adopts and re-alleges Paragraphs 1 through 12 as if fully set out herein.

14.     The Defendant, **WING ENTERPRISES, INC., d/b/a LITTLE GIANT LADDERS,** a corporation; **WING PRODUCT DEVELOPMENT, L.C.,** a corporation, and fictitious party defendants numbered **1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, and/or 34**, expressly and/or impliedly warranted that the LITTLE GIANT LADDER SYSTEM and its component parts involved in the occurrence made the basis of the Plaintiff's Complaint was reasonably fit and suitable for the

DOCUMENT 26

purpose for which it was intended to be used.  Plaintiff avers that each of said Defendants breached said expressed and/or implied warranties and that said LITTLE GIANT LADDER SYSTEM and its component parts were not reasonably fit and suitable for the purpose for which it was intended to be used, but, to the contrary, said LITTLE GIANT LADDER SYSTEM and its component parts at the time it was manufactured, distributed, sold and/or delivered, was in a dangerously defective and unsafe condition as aforementioned.  Plaintiff further avers that as a proximate result of the aforesaid breach of warranty by each of said Defendants, **ELOY GALLEGOS CORONA** was caused to suffer injuries as set out in Count I.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, jointly and severally, including the fictitious party Defendants, in a sum in excess of the jurisdictional limits of this court, to be determined by a jury, which will fairly and adequately compensate the Plaintiff for injuries and damages sustained, together with interest from the date of injury, and the cost of this proceeding.  Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts.

KEITH T. BELT, JR. (BEL-026)
ROBERT P. BRUNER (BRU-029)
S. DREW BARNETT (BAR-182)
W. ALAN DUKE, JR. (DUK-019)
Attorneys for Plaintiff

OF COUNSEL:
**BELT & BRUNER, P.C.**
880 Montclair Road, Suite 300
Birmingham, AL 35213
Telephone: (205) 933-1500
Facsimile: (205) 933-5500
keithb@beltlawfirm.com
robertb@beltlawfirm.com
drewb@beltlawfirm.com
aland@beltlawfirm.com

/s/JAMES SHELNUTT
**JAMES SHELNUTT (SHE-084)**
Attorneys for Plaintiff

OF COUNSEL:
James Shelnutt, Esq.
**SHELNUTT LAW FIRM, P.C.**
601 South 5th Street
Gadsden, AL 35901
Phone:  (256) 547-4988
E-Mail:    gadsdenlawyer@bellsouth.net

## JURY DEMAND

Pursuant to Alabama Rules of Civil Procedure, Plaintiff demands a trial by jury on all counts herein in this action.

Respectfully submitted.

OF COUNSEL

## REQUEST FOR CERTIFIED MAIL SERVICE

The plaintiff hereby requests that the defendants be served by certified mail, return receipt requested.

10



OF COUNSEL

Plaintiff's Address:
ELOY GALLEGOS CORONA
c/o Belt & Bruner, P.C.
880 Montclair Road, Suite 300
Birmingham, AL 35213

## PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL TO:

**WING ENTERPRISES, INC., d/b/a**
**LITTLE GIANT LADDERS**
c/o Harold Arthur Wing
1198 N. Spring Creek Place
Springville, UT 84663

**WING PRODUCT DEVELOPMENT, L.C.**
c/o Harold Arthur Wing
1198 N. Spring Creek Place
Springville, UT 84663

DOCUMENT 26

11