# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **PATRICK TATE, Administrator of the** ] | |
| **Estate of Oscar Corona,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| **v.** ] | **CIVIL ACTION NO.** |
| ] | **4:17-CV-1612-KOB** |
| **WING ENTERPRISES INC., et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## ORDER

This matter is before the court on Plaintiff Patrick Tate's "Motion to Remand" (doc. 2).

In his motion to remand, Plaintiff argues that removal was untimely because Defendants failed to

remove this case within the 30-day time set by 28 U.S.C. § 1446(b)(1). The court agrees.

Plaintiff filed his complaint on March 28, 2017, and Defendants did not remove the

complaint until more than 150 days later, on September 19, 2017. At the time of its filing, the

complaint was removable because the parties were diverse and, given the nature and extent of the

injuries alleged, the amount in controversy exceeded $75,000. And, Plaintiff's amended

complaint filed on July 5, 2017, added a wrongful-death claim that put additional punitive

damages into controversy on top of the damages for Plaintiff's traumatic brain injury, pain and

suffering, and resulting hospital bills. Accordingly, at the very latest by the time Plaintiff filed

the amended complaint, any attorney with experience in personal injury law would have realized

that the amount in controversy exceeded $75,000. The court, therefore, finds that, at the very

latest, the 30-day time period for removal began when Plaintiff filed the amended complaint.

Because Defendants failed to remove this case within 30 days of receiving the amended

complaint, the case warrants remand to the state court. The court GRANTS Plaintiff's motion to remand.

## BACKGROUND

Plaintiff Patrick Tate is the administrator of Eloy Corona's estate. Mr. Corona suffered a traumatic brain injury that ultimately led to his death after a ladder on which he was working collapsed. Plaintiff filed this action against Defendants, who manufactured and sold that ladder, in state court on March 28, 2017, while Mr. Corona was still alive. On July 5, after Mr. Corona died, Plaintiff amended the complaint, substituting Mr. Tate as administrator and adding a wrongful-death claim.

Neither the original complaint nor the amended complaint asked for a specific amount of damages. But the complaints did note that Mr. Corona suffered "serious permanent injuries, including, but not limited to traumatic brain injury," and, ultimately, death. The complaints included that Mr. Corona had "to expend large sums of money in the nature of doctor, hospital, drug, and other medical expenses . . . " and that Plaintiff would seek punitive damages, as well.

On August 23, Defendants received a "Notice of Hospital Lien" from one of Mr. Corona's medical providers for $597,637.10. They claim the Notice alerted them that the amount in controversy exceeded $75,000.

On September 19—more than 150 days after Plaintiff filed the original complaint, 75 days after Plaintiff filed the amended complaint, but less than 30 days after receiving the "Notice of Hospital Lien"—Defendants filed their notice of removal. In that notice of removal, Defendants contended that they could not have removed the case prior to August 23 because the pleadings did not provide sufficient evidence to establish that the amount in controversy exceeded $75,000.

Plaintiff responded with the instant motion to remand, arguing that Defendants' notice of removal was well out of time because the 30-day removal clock began ticking when Plaintiff filed his original complaint on March 28 and expired well before Defendants filed the notice of removal.

## DISCUSSION

In the usual case, a defendant will have 30 days to file a notice of removal after receiving the initial pleading. *See* 28 U.S.C. § 1446(b)(1). If the case as stated by the initial pleading is not removable, the defendant can remove within 30 days after receiving a paper "from which it may first be ascertained that the case" can be removed. *Id.* § 1446(b)(3).

In assessing whether a case is removable, the court must first look to the complaint. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). When a plaintiff does not plead a specific amount of damages, a district judge can make "'reasonable deductions, reasonable inferences, and other reasonable extrapolations'" to determine whether the complaint satisfies the jurisdictional threshold of $75,000. *Roe v. Michelin N. Am. Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 754). "A district court need not 'suspend reality or shelve common sense in determining whether the face of the complaint . . . establishes the jurisdictional amount' . . . . Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062 (citations omitted).

Post-*Roe*, district judges routinely exercise common sense when finding that the jurisdictional amount in controversy exceeds $75,000 if a plaintiff seeks recovery on catastrophic injuries, medical bills, and punitive damages. For example, in *Jones v. Novartis Pharm. Co.*, 952 F. Supp. 2d 1277 (N.D. Ala. 2013), Judge Hopkins found that an amount in controversy

exceeding $75,000 was "plainly apparent" from a personal-injury complaint alleging injuries and medical bills resulting from a right femur fracture. 952 F. Supp. 2d at 1283-84. That plaintiff alleged punitive damages on top of medical bills, such that it "defie[d] logic and common sense that [the plaintiff] would be seeking $75,000 or less . . . ." *Id.* at 1284. Other courts examining similar Alabama personal injury claims hold the same. *See, e.g.*, *Bush v. Winn Dixie Montgomery, LLC*, 132 F. Supp. 3d 1317, 1318 (N.D. Ala. 2015) (stating that a plaintiff who alleges "a very substantial personal injury" and claims recovery for pain, suffering, and mental anguish damages, as well as punitive damages is "realistically hoping to recover more than $75,000"); *Culpepper v. Stryker Corp.*, 968 F. Supp. 2d 1144, 1158 (M.D. Ala. 2013) ("[Plaintiff] claims that she has and will continue to suffer severe and possibly permanent injuries, emotional suffering and pain, loss of earnings, and medical expenses. [She] is also seeking punitive damages, which must be considered in any calculation of the amount in controversy . . . . [R]elying on reality and common sense, the Court finds that the jurisdictional amount in controversy has been met.").

The complaint in this case was initially removable. Plaintiff alleged "serious" and "permanent" injuries including a traumatic brain injury and that he had to "expend large sums of money" for medical expenses. From those allegations, the court can infer, using its judicial experience and common sense, that the amount in controversy, at the time Plaintiff filed the complaint, exceeded $75,000. *See Roe*, 613 F.3d at 1061-62. And if the complaint was not enough to establish the amount in controversy, the amended complaint added a wrongful-death claim after Mr. Corona's death. That claim involving Alabama's unique wrongful-death tort put into controversy punitive damages on top of the damages for medical expenses and pain and suffering resulting from Mr. Corona's traumatic brain injury. The nature and severity of the

alleged injury to Mr. Corona is apparent to anybody because of its type—traumatic brain injury—and the result—death. Given all of these obvious indications that the amount of controversy exceeded $75,000, the court can conclude without doubt that *any* attorney with experience in personal injury claims would have determined that the face of the amended complaint supported removal.

Defendants, however, contend that the initial removability of the complaint or amended complaint does not matter, because, under out-of-circuit persuasive authority, such as *Walker v. Trailer Transit, Inc.*, 727 F.3d 819 (7th Cir. 2013), the 30-day clock does not begin to tick until a pleading or other paper affirmatively reveals on its face that the amount-in-controversy exceeds $75,000. Defendants rely on *Walker*'s holding that "[w]ith respect to the amount in controversy in particular, the pleading or other paper must specifically disclose the amount of monetary damages sought" before the 30-day clock starts running. 727 F.3d at 824.

So, Defendants assert that, although a complaint, such as the one at issue in this case, might support removal from the outset, if that complaint did not give a dollar amount (or permit a defendant to calculate an amount) exceeding $75,000, then the 30-day clock does not begin to run until a defendant receives a paper that does affirmatively reflect the amount in controversy. Defendants contend that, in this case, the "Notice of Hospital Lien," which they received on August 23, is the only paper reflecting a damage amount exceeding $75,000. So Defendants say that they timely removed the complaint within 30 days of the only paper unambiguously stating the amount in controversy.

The Eleventh Circuit has not addressed when the 30-day clock starts under these circumstances. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 767 n.23 (11th Cir. 2010) ("We need not decide, and do not purport to decide, whether a defendant has a duty to

investigate the necessary jurisdictional facts within the first thirty days of receiving an indeterminate complaint."). District courts in the Eleventh Circuit are split. Several have applied a standard asking whether defendants should have known the complaint was removable. *See, e.g.*, *Bush*, 132 F. Supp. 3d at 1317; *Turner v. Wilson Foods Corp.*, 711 F. Supp. 624, 626 (N.D. Ga. 1989) (collecting cases).

But, other courts have declined to "speculate as to the amount of damages" resulting from alleged personal injuries, concluding that the 30-day clock does not begin until a plaintiff gives an affirmative dollar value or some other unambiguous factual basis for removal. *See Lambertson v. Go Fit, LLC*, 918 F. Supp. 2d 1283, 1284-85 (S.D. Fla. 2013) (rejecting plaintiff's argument that "the nature of the harm alleged was sufficient to put [d]efendant on notice that the case was removable with or without an accompanying demand"); *Clark v. Unum Life Ins. Co. of Amer.*, 95 F. Supp. 3d 1335, 1354 (M.D. Fla. 2015) (applying the Seventh Circuit's rule in *Walker*, 727 F.3d at 824-25); *Essenson v. Coale*, 848 F. Supp. 987 (M.D. Fla. 1994) ("Defendants are not required to translate injury claims into 'a dollars and cents claim not specifically asserted.'").

Some appellate courts (excluding, so far, the Eleventh Circuit) reject any functional approach in favor of a rigid, "bright-line rule." *See, e.g.*, *Walker*, 727 F.3d at 824; *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013); *Kuxhausen v. BMW Fin. Servs.*, 707 F.3d 1136, 1139 (9th Cir. 2013) (clock begins running only when the basis for removal is "revealed affirmatively in the initial pleading" (internal quotation marks omitted)); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998). These courts limit the start of the 30-day clock  to when a pleading or paper "affirmatively and unambiguously" discloses that the amount of monetary damages sought exceeds the jurisdictional threshold. *See, e.g.*, *Walker*, 727

F.3d at 824.  Ostensibly, the rule exists to ensure consistency among the starting points for the 30-day removal clock and to "promote[] clarity and ease of administration for the courts, discourage[] evasive or ambiguous statements by plaintiffs in their pleadings and other litigation papers, and reduce[] guesswork and wasteful protective removals by defendants."  *Id.*

However, applying those appellate courts' rules as Defendants suggest comes at the expense of the Eleventh Circuit's *Roe* decision and the flexibility it offers to district courts in the removal process, sacrificing consistency in one respect for a minor "clarity and ease of administration" advantage in another.  In *Roe*, the Eleventh Circuit held that district judges can use their experience and common sense to determine whether a removed complaint meets the $75,000 amount-in-controversy threshold.  *Roe*, 613 F.3d at 1061-62.  That functional standard ensures that courts can avoid nonsense results; concluding that a complaint alleging traumatic or catastrophic injuries or death was not removable because it merely failed to offer a definite *ad damnum* clause would ignore reality.  In such practice, a plaintiff could defeat a defendant's right to removal by omitting an *ad damnum* clause.  *Winn-Dixie*, 132 F. Supp. 3d at 1320 ("Plaintiffs skilled in this form of artful pleading could, with this 'trick,' simply 'make federal jurisdiction disappear.'").  *Roe* establishes that courts should take a functional approach to evaluating removal cases; the court sees no reason to create an inconsistency in the Eleventh Circuit's law by abandoning that approach here.

Additionally, Defendants' view would require the court read into the statute a precondition for the beginning of the 30-day clock not present in the text itself: "The notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  *See* 28 U.S.C. § 1446(b)(1).  That is, the statutory text does not

expressly restrict the beginning of the 30-day clock to only cases where the pleading is affirmatively and unambiguously removable. *See id.* Furthermore, the statute only permits a second or subsequent 30-day period for removal if "the case stated by the initial pleading is not removable," suggesting, at most, that the trigger for the 30-day clock is whether the complaint is removable, not whether the plaintiff affirmatively and unambiguously announces she expects to recover more than $75,000 so that the defendant can be sure the complaint is removable. *See* 28 U.S.C. § 1446(b)(3).

As the court has found, the initial complaint stated claims for injuries so serious and severe that any attorney with experience in personal injury law would have realized that the claims easily exceeded $75,000. If that complaint left any doubt, after the amended complaint added the wrongful-death claim on top of the personal injury claims, Defendants needed only utilize a minimal amount of common sense or judgment to realize that the amount in controversy exceeded $75,000. Turning a blind eye to those serious claims does not allow Defendants to remove this case 150 days later, claiming it could not have been removed until they were hit in the face with a wake-up call in the form of the Notice of Hospital Lien for $597,637. As Judge Acker stated in *Bush v. Winn-Dixie*, "[t]he complaint itself is the wake-up call." 132 F. Supp. 3d at 1321. Defendants "could not snooze through it." *Id.*

Because, at the very least when Plaintiff filed the amended complaint, any reasonable attorney would recognize that the amount in controversy exceeded $75,000, the 30-day clock started to tick, at the latest, when Defendants received the amended complaint. And because that pleading was removable, Defendants do not get any additional 30-day period in which to remove the case based on the later-received "Notice of Hospital Lien." *See* 28 U.S.C. § 1446(b)(1),

(b)(3).  That the complaint did not assert a specific dollar amount disclosing that it was removable is immaterial.

The amended complaint's request for damages was not ambiguous because it asserted that Plaintiff would seek recovery for traumatic and catastrophic injuries as well as punitive damages for wrongful death; Defendants needed only make a minimal inference to conclude that the amount in controversy exceeded $75,000.  (*See* Notice of Removal ¶ 21).  For that reason, Defendants had no reason to doubt that the amount in controversy exceeded $75,000, and they should have removed the case, at the latest, within 30 days of their receipt of Plaintiff's amended complaint.  *See* 28 U.S.C. § 1446(b)(1).

Because Defendants failed to remove the complaint within the 30-day limitations period, the court GRANTS Plaintiff's motion for remand.

**DONE** and **ORDERED** this 23rd day of January, 2018.

**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE